In the Matter of ETON FURNITURE CO., Bankrupt.

Morton S. GORELICK, Trustee in Bankruptcy of Eton Furniture Co., Petitioner,

v.

EGYPT SCHNECKSVILLE BANK, Respondent.

Morton S. GORELICK, Trustee in Bankruptcy of Eton Furniture Co., Petitioner,

v.

Dominic M. MORENCI and Oliver Reese, trading as Morenci-Reese Furniture Co., Respondents.

No. 25195.

United States District Court
E. D. Pennsylvania.

May 16, 1960.

Morris Perkin, Perkin, Twining & Dower, Allentown, Pa., Sidney B. Gottlieb, Philadelphia, Pa., for petitioner.

Morton S. Gorelick, Philadelphia, Pa., George Weitzman, Easton, Pa., Russell L. Hiller, Referee in Bankruptcy, Reading, Pa., for respondents.

GRIM, District Judge.

On several occasions before Eton Furniture Co., a corporation, was adjudged a bankrupt,[1] its general manager, Fritz M. Huntington, borrowed money from Farmers' Bank of Egypt (now Egypt Schnecksville Bank) and gave it promissory notes to evidence the loans. When the notes fell due the bank took money out of the corporation's account to pay the loans, and stamped the notes "Paid." There is nothing in the case to indicate what the bank did with the notes thereafter.

The trustee in bankruptcy questions the bank's right to use the corporation's money to pay the notes, because the signature on each note was merely "F. M. Huntington", without any mention of the corporation or any indication on the notes that Huntington was acting in a representative capacity, so that on their face they appear to be Huntington's personal obligations, which the bank paid out of the corporation's funds. The trustee contends that the bank had no right to use the corporation's funds to pay Huntington's personal obligations.

The trustee raised this issue by petitioning the Referee in Bankruptcy for a turnover order directing the bank to turn over to the trustee the total amount of the notes. After hearing, the Referee entered an order dismissing the petition. The matter is now before the court on the trustee's petition to review the order of the Referee.

All the evidence indicates that in each instance the money was borrowed for the corporation and not for Huntington. There was some question about the corporation's credit and the bank wanted to be in a position to hold Huntington on the loans, as well as the corporation, if that should be necessary. Except for the signatures on the notes, everything in the evidence indicates that the primary obligation was to be that of the corporation rather than that of Huntington. It is clear that after each loan transaction the proceeds of the loan were placed in the corporation's account in the bank and that from time to time the corporation, rather than Huntington, received and used the money. Huntington personally received none of the money and got no benefit from it.

The Referee's findings and conclusions and his order dismissing the petition were correct and will be sustained.

A second problem arises from the trustee's petition to review an order of the Referee dismissing a petition for a turnover order against the partnership of Dominic Morenci and Oliver Reese, trading as Morenci-Reese Furniture Co.

1. November 6, 1957.

After the Eton Furniture Co. ceased manufacturing operations but before it was adjudicated a bankrupt, Morenci-Reese, being indebted to it, issued to it four checks aggregating $1,275. Each of the checks is endorsed in the name of the corporation "by F. M. Huntington" or his initials. None of the checks was deposited in the corporation's bank account. One was deposited by Morenci-Reese, one was negotiated by Huntington and deposited to the credit of Evans & Heeps (not identified), and the other two were deposited in Huntington's personal bank account.

The trustee contends that Morenci-Reese still owes this money because the corporation never got it. It is undisputed that Huntington had authority to endorse checks for the corporation. The trustee contends, however, that this authority did not include authority, after he had endorsed the checks, to appropriate them or their proceeds to his own use.

It should be noted that no notes of testimony were taken at the hearing on the petition against Morenci-Reese. The only contemporaneous record of the hearing consists of notes made by the Referee. The result is that there is little or nothing in the record to support the Referee's findings on such vital issues as the circumstances under which the checks were issued to Eton Furniture Co., Huntington's authority, and how one check came to be deposited by Morenci-Reese.

■ The order of the Referee dismissing the trustee's petition for a turnover order against Dominic Morenci and Oliver Reese, trading as Morenci-Reese Furniture Co., will be set aside and the matter will be referred back to the Referee to hear the matter de novo, have a stenographic record made of the evidence, and make a determination thereon, from which any aggrieved party may, if desired, petition this court for review.

The order of the Referee dismissing the trustee's petition for a turnover order against Egypt Schnecksville Bank will be sustained.